## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND v. LAWRENCE SPERLING

[Misc. (BV) No. 11, September Term, 1979.]

*Decided October 2, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Henry J. Myerberg, Assistant Bar Counsel,* for petitioner.

*Lawrence Sperling,* in proper person, respondent.

PER CURIAM:

The Attorney Grievance Commission, through Bar Counsel, filed a petition for disciplinary action against Lawrence Sperling, alleging that he violated Disciplinary Rule 1-102 (A) of the Code of Professional Responsibility.[1]

---

1. "DR 1-102 Misconduct.

   (A)  A lawyer shall not:

       (1) Violate a Disciplinary Rule.
       (2) Circumvent a Disciplinary Rule through actions of another.
       (3) Engage in illegal conduct involving moral turpitude.

We referred the matter to Judge William M. Cave of the Sixth Judicial Circuit to conduct an evidentiary hearing and make findings of fact and conclusions of law pursuant to Maryland Rule BV9. After conducting an evidentiary hearing, Judge Cave filed a memorandum setting forth his finding that Sperling had been convicted of two misdemeanors involving moral turpitude in violation of Disciplinary Rule 1-102 (A).

The record discloses that Sperling was charged by a multi-count indictment in the Circuit Court for Montgomery County on November 3, 1978. On April 23, 1979, Sperling was convicted by a jury of one count of the indictment, the misdemeanor of attempting to obtain money by false pretenses with intent to defraud.[2] See Maryland Code (1957, 1970 Repl. Vol.) Art. 27, § 140. He was sentenced to a term of two years' imprisonment which was suspended; he was placed on probation for two years and ordered to pay court costs.

On March 16, 1979, Sperling was charged with violating Code, Art. 27, § 142, obtaining goods of the value of $150 by means of a bad check with intent to defraud. On July 12, 1979, he entered a guilty plea to this offense in the Circuit Court for Montgomery County.[3] He was given a one-year suspended sentence and ordered to pay a fine of $500 and court costs.

Sperling failed to appear before Judge Cave at the evidentiary hearing on the disciplinary petition, and he

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
(5) Engage in conduct that is prejudicial to the administration of justice.
(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

2. Sperling had attempted to obtain $100 from the Suburban Trust Company on June 30, 1978 by means of a check drawn on his checking account. However, Suburban Trust had notified him by letter, sent by registered mail and dated June 15, 1978, that this account had been closed as of June 8, 1978.

3. Sperling had obtained groceries valued at $150 from Jumbo Food Stores, Inc. on December 9, 1978 by means of a worthless check drawn on his checking account at the University National Bank. The record before us indicates that this account was closed as of March 2, 1978.

filed no exceptions to Judge Cave's findings. We scheduled the matter for oral argument to determine the appropriate sanction to be imposed for Sperling's misconduct. Sperling appeared before us and urged the imposition of a sanction less than disbarment, although he offered no exculpatory or mitigating factors in his defense. It is clear that Sperling engaged in criminal conduct involving moral turpitude, dishonesty, fraud, deceit, and misrepresentation in violation of the disciplinary rule. We think disbarment is the appropriate sanction. *See Attorney Griev. Comm'n v. Andresen,* 281 Md. 152, 379 A.2d 159 (1977); *Bar Ass'n of Balto. City v. Carruth,* 271 Md. 720, 319 A.2d 532 (1974); *Maryland State Bar Ass'n v. Agnew,* 271 Md. 543, 318 A.2d 811 (1974); *Bar Ass'n v. Marshall,* 269 Md. 510, 307 A.2d 677 (1973). We therefore direct that the name of Lawrence Sperling be stricken from the rolls of those authorized to practice law in Maryland.

*It is so ordered.*